UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIO KATONA,<br><br>                Plaintiff,<br>     v.<br><br>KING COUNTY, et al.,<br><br>                Defendants. | CASE NO. C17-0212JLR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT AND DEFENDANTS' MOTION TO REMAND THIS ACTION TO STATE COURT |

## I.  INTRODUCTION

Before the court are three motions: (1) Plaintiff Mario Katona's motion for leave to amend his complaint (MFL (Dkt. # 9)); (2) Defendants' motion to remand this action to state court (MTR (Dkt. # 8)); and (3) Mr. Katona's motion to appoint counsel (MTAC (Dkt. # 6)). The court has considered the motions, the parties' submissions related to the

//

//

//

ORDER - 1

motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Mr. Katona's motion to amend his complaint, GRANTS Defendants' motion to remand this action to state court, and DENIES as moot Mr. Katona's motion to appoint counsel.

## II. BACKGROUND

Mr. Katona filed his action on January 23, 2017, in King County Superior Court for the State of Washington. (*See* Compl. (Dkt. # 1-2).) Mr. Katona asserted that Defendants were liable to him under 42 U.S.C. § 1983 and the Americans with Disabilities Act. (*Id.* ¶¶ 5.1-5.5, 5.10-5.13.) He also asserted a variety of state law claims. (*Id.* ¶¶ 5.6-5.9, 5.14-5.27.)

On February 10, 2017, Defendants removed this action to federal court on the basis of federal question jurisdiction. (Notice of Removal (Dkt. # 1).) On February 24, 2017, Mr. Katona filed a motion seeking the appointment of counsel. (*See* MTAC.)

On March 6, 2017, Mr. Katona filed a motion for leave to amend his complaint to eliminate his federal causes of action. (*See* MFL.) In his motion, Mr. Katona states that he "voluntarily strike[s] and/or dismiss[es]" his federal causes of action. (*Id.* at 2.) He also asks the court "to remand th[e] case for further proceedings in the Superior Court of King County." (*Id.* at 3.) Mr. Katona attached his proposed first amended complaint to his motion. (FAC (Dkt. # 9-1).) The proposed first amended complaint contains only state law causes of action. (*See generally id.*)

---

[1] No party has requested oral argument on any of the motions before the court, and the court does not consider oral argument to be helpful to its disposition of the motions. *See* Local Rules W.D. Wash. LCR 7(b)(4).

On March 7, 2017, Defendants filed a motion to remand the action to state court. (MTR (Dkt. # 8).)  Defendants argue that the court should remand this case because Mr. Katona seeks to amend his complaint to omit any federal causes of action.  (*Id.* at 3-5.)

### III.  ANALYSIS

The court now considers Plaintiff's and Defendants' motions.

**A.  Mr. Katona's Motion for Leave to Amend the Complaint**

Federal Rule of Civil Procedure 15(a) provides, in pertinent part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a [required] responsive pleading."  Fed. R. Civ. P. 15(a)(1)(B).  Defendants filed answers to Mr. Katona's complaint on February 16 and 17, 2017.  (2/16/17 Ans. (Dkt. # 4); 2/17/17 Ans. (Dkt. # 5).)  Defendants served both answers on Mr. Katona by mail.  (*See* 2/16/17 Ans. at 6 (attaching certificate of service); 2/17/17 Ans. at 15-16 (attaching certificate of service).)  Because Defendants served Mr. Katona by mail, "3 days are added" to the 21-day time period of Rule 15(a)(1)(B).  *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified period of time after beindg served and service is made [by mail] . . . 3 days are added after the period would otherwise expire . . . .").  Accordingly, Mr. Katona had a total of 24 days following the filing of Defendants' answers in which he could amend his complaint "once as a matter of course."  *See id.*; Fed. R. Civ. P. 15(a)(1)(B).  Mr. Katona filed his first amended complaint on March 6, 2017 (*see* FAC)—well with the time limit provided by Rules 15(a) and 6(d).  Accordingly, the court GRANTS Mr. Katona's motion to amend his complaint, and his first amended complaint is now the operative complaint in this proceeding.

**B. Defendants' Motion to Remand**

Because Mr. Katona originally pleaded federal causes of action (*see* Compl. ¶¶ 5.1-5.5, 5.10-5.13), Defendants properly removed this action to federal court pursuant to 28 U.S.C. § 1441(c). However, now that Mr. Katona has eliminated the federal causes of action from his complaint, all parties agree that the matter should be remanded to state court. (*See* MTR at 3-5; MFL at 3.) Accordingly, the court declines to exercise supplemental jurisdiction over Mr. Katona's state law claims, 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."), and GRANTS Defendants' motion to remand this case to state court.

## IV.  CONCLUSION

Based on the foregoing analysis, the court GRANTS Mr. Katona's motion for leave to amend his complaint (Dkt. # 9). Mr. Katona's first amended complaint (Dkt. # 9-1) is now the operative complaint in this proceeding. The court also GRANTS Defendants' motion to remand this case to state court (Dkt. # 8). Because this case is remanded, the court DENIES as moot Mr. Katona's motion to appoint counsel (Dkt. # 6).

The court further ORDERS:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk shall send copies of this order to all counsel of record for all parties;

3. Pursuant to 28 U.S.C. § 1447(c), the Clerk shall mail a certified copy of the order of remand to the Clerk for the Superior Court for King County;

4. The Clerk shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County;

5. The parties shall file nothing further in this matter, and instead are instructed to seek any further relief to which they believe they are entitled from the courts of the State of Washington, as may be appropriate in due course; and

6. The Clerk shall CLOSE this case.

Dated this 30th day of March, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 5